MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fletcher Kop, | No. CV 09-1157-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Kalum Kalani, et al., | |
| Defendants. | |

On May 6, 2009, Plaintiff Fletcher Kop, who is confined in the Corrections Corporation of America's Saguaro Correctional Center (CCA-SCC) in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Hawaii. In a May 13, 2009 Order, United States District Court Judge J. Michael Seabright transferred the case to the District of Arizona.

In a June 18, 2009 Order, the Court noted that Plaintiff had not paid the filing fee or filed an Application to Proceed *In Forma Pauperis* and gave Plaintiff 30 days to either pay the fee or file an Application to Proceed. On July 13, 2009, Plaintiff paid the filing fee.

The Court will order Defendants Estrada, Thomas, Lopez, and Meiner to answer the Complaint and will dismiss Defendants Kalani and Jinbo without prejudice.

. . . .

. . . .

**TERMPSREF**

# I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

# II. Complaint

In his two-count Complaint, Plaintiff sues Hawaii Department of Public Safety Contract Monitor Scott Jinbo and the following CCA-SCC employees: "Lt. STG Investigator" Kalum Kalani, Hearings Officer K. Estrada, Warden Todd Thomas, Chief of Security M. Lopez, and Assistant Chief of Security S. Meiner.

1          In both counts, Plaintiff alleges violations of his right to due process. He claims: Defendant Kalani charged Plaintiff with a disciplinary violation for displaying security threat group activity after his arrival at CCA-SCC; after a hearing, Defendant Estrada found Plaintiff guilty, "with no evidence whatsoever," of failing to follow prison rules; and Defendant Thomas affirmed the finding of guilt. As a result of Plaintiff's disciplinary violation, Plaintiff asserts that Defendants Lopez and Meiner determined Plaintiff should be placed in the prison's Special Housing Incentive Program (SHIP) and that Defendant Thomas approved the placement. Plaintiff contends that placement in SHIP imposes an atypical and significant hardship on him in relation to the ordinary incidents of prison life. He states that, in SHIP, he is placed in lockdown for eighteen months and, during that time, he is unable to participate in any previously recommended prison programming; he is deprived of church services, educational and vocational training, prison worklines, and library access; and his phone calls, recreation time, commissary choices, and personal property are severely limited. Plaintiff also claims that he complained to Defendant Jinbo, who "has the authority to correct wrongs done by [the other Defendants]" but "did nothing to correct [Plaintiff's] prison misconduct [finding] and placement in SHIP."

In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, and his costs of suit.

**III.    Discussion**

Liberally construed, Plaintiff has stated a claim in Count One against Defendants Estrada and Thomas and in Count Two against Defendants Lopez, Meiner, and Thomas. The Court will require Defendants Estrada, Thomas, Lopez, and Meiner to answer the Complaint.

The Court will dismiss Defendant Kalani because Plaintiff has failed to state a claim against him. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (an "inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law."). Plaintiff has also failed to state a claim against Defendant Jinbo. See

Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (defendants did not commit constitutional violations when they denied administrative grievances, failed to intervene on plaintiff's behalf, and failed to remedy allegedly unconstitutional behavior).

**IV.    Warnings**

    **A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Defendants Kalani and Jinbo are **dismissed** without prejudice.

(2)    Defendants Estrada, Thomas, Lopez, and Meiner must answer the Complaint.

(3)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Estrada, Thomas, Lopez, and Meiner.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)     personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

1     (8)    **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

    (9)    Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

    (10)   Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

    (11)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 31st day of August, 2009.

_____
David G. Campbell
United States District Judge